USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/29/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE DARELUS,

Plaintiff,

-against-

AIDVANTAGE, *Federal Student Aid Loan Servicing*,

Defendant.

1:25-cv-4264-MKV

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who is proceeding *pro se*, has failed to comply with multiple court orders and has failed to take any action to prosecute her case since she initiated this action more than a year ago. The Court has afforded Plaintiff leniency in light of her *pro se* status and has issued repeated warnings about the risk of sanctions, including two Orders To Show Cause why the case should not be dismissed [ECF Nos. 20, 21; *see* ECF No. 17]. Plaintiff, however, has failed even to file a simple letter indicating that she wishes to continue prosecuting this case. Accordingly, for the reasons set forth below, this case is dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and comply with court orders.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, initiated this case by filing a complaint, along with a request to proceed *in forma pauperis*, on May 19, 2025 [ECF Nos. 1, 2]. She also filed a notice of Consent To Electronic Service, attesting that she "consent[ed] to receive electronic service of notices and documents in [this] case" [ECF No. 4 ("Notice of Consent")]. Plaintiff specifically affirmed that she "underst[ood]" that it was her responsibility to "regularly review the docket sheet of [her] case so that [she would] not miss a filing." Notice of Consent at 1.

The Court granted Plaintiff's request to proceed *in forma pauperis* [ECF No. 6]. The Court also issued an Order of Service directing the U.S. Marshals to serve Defendant [ECF No. 8 ("Order of Service")]. In the Order of Service, the Court warned Plaintiff that she "must notify the Court in writing" if her contact information changes and that "**the Court may dismiss the action if Plaintiff fails to do so**." Order of Service at 2 (emphasis added). In addition, the Pro Se Intake Unit provided Plaintiff with an Information Package, which advised Plaintiff of various obligations she would have in prosecuting her case and warned her about the possibility of dismissal if the Court could not contact her [*see* ECF No. 10 at 2].

Thereafter, the Marshals served Defendant, which appeared through counsel [ECF Nos. 11, 14, 16]. In accordance with the Court's Individual Rules of Practice in Civil Cases, Defendant filed a pre-motion letter seeking leave to file a pre-answer motion to dismiss in lieu of filing an answer to the Complaint [ECF No. 13]. In an Order dated December 8, 2025, the Court granted Defendant leave to file a motion to dismiss and *sua sponte* granted Plaintiff leave to amend her pleading before Defendant filed any motion to dismiss [ECF No. 17 ("Scheduling Order")]. Mindful of Plaintiff's *pro se* status, the Court set long deadlines for Plaintiff either to amend or, if she declined to amend, to oppose Defendant's motion. *See* Scheduling Order at 1.

In all events, the Court made clear that Plaintiff was required to file something to move her case forward. Specifically, the Court instructed Plaintiff to "**file an opposition by February 26, 2026**." Scheduling Order at 1 (emphasis in original). The Court also warned Plaintiff, in bold typeface, that "**failure to comply with court orders**" might result in "**dismissal for failure to prosecute** . . . ." *Id.* (emphasis in original). Plaintiff, however, failed to file an amended complaint or an opposition to Defendant's motion to dismiss, to request an extension of time, or to take any action to prosecute this case.

As such, on June 16, 2026, the Court issued an Order To Show Cause directing Plaintiff merely to "file a letter" by June 23, 2026 "showing cause why this case should not be dismissed for failure to prosecute and failure to comply with the Court's prior [Scheduling] Order" [ECF No. 20 ("First OTSC")]. The Court noted that Plaintiff had "not taken any action to prosecute this case since filing the Complaint." First OTSC at 1. The Court again warned Plaintiff, in bold typeface, that "**failure to comply with court orders and to prosecute this case will result in sanctions, including dismissal with prejudice for failure to prosecute**." *Id.* Plaintiff, however, ignored the First Order To Show Cause.

Thereafter, on July 1, 2026, the Court issued a Second Order To Show Cause why the case should not be dismissed for failure to prosecute and failure to comply with the court orders [ECF No. 21 ("Second OTSC")]. The Court, again, simply directed Plaintiff to file a letter, by July 15, 2026, indicating that she wished to continue prosecuting her case. *See* Second OTSC at 2. The Court also clearly warned Plaintiff that she faced imminent dismissal of her case. The Court wrote: "**THIS IS PLAINTIFF'S FINAL WARNING. Failure to comply with this Second Order To Show Cause <u>will</u> result in dismissal**, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* (emphases in original). To date, however, Plaintiff has persisted in her failure to comply with court orders and to prosecute her case.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is a harsh sanction, and a district court may dismiss a *pro se* plaintiff's case for failure to prosecute only in extreme circumstances. *See Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014); *Mitchell v. Lyons Pro. Servs., Inc.*, 708

F.3d 463, 467 (2d Cir. 2013)); *LeSane*, 239 F.3d at 209. However, the Secord Circuit has held that a district court is within its discretion to impose the harsh sanction of dismissal for failure to prosecute where, as here, a *pro se* plaintiff causes significant delay, receives notice that she faces dismissal, and fails to respond to the threat of dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008).

The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216.

The Court has carefully weighed all of these factors and concludes that dismissal is clearly warranted. The first factor, the duration of Plaintiff's failure to prosecute and comply with court orders, weighs in favor of dismissal. *See Baptiste*, 768 F.3d at 216. As explained above, Plaintiff has taken no action whatsoever to prosecute her case she filed the Complaint more than a year ago. Moreover, Plaintiff has not complied with a single deadline this Court has set. Specifically, Plaintiff has flouted the Court's instructions in the December 2025 Scheduling Order, the June 2026 First Order To Show Cause, and the July 2026 Second Order To Show Cause [ECF Nos. 17, 20, 21]. The Second Circuit has held that shorter periods of noncompliance or inaction supported dismissal. *See Ruzsa*, 520 F.3d at 177 (ruling, in a *pro se* case, that a seven-month period of inaction was a delay of significant duration for purposes of dismissal pursuant to Rule 41(b)); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980).

Turning to the second factor, the Court has clearly and repeatedly put Plaintiff on notice that failure to comply with court orders and prosecute her case might result in dismissal. *See Baptiste*, 768 F.3d at 216. The Court first warned Plaintiff that her case could be dismissed if she fell out of contact with the Court in the Order of Service that the Court issued shortly after Plaintiff initiated this case. *See* Order of Service at 2. Thereafter, the Court expressly warned Plaintiff in the December 2025 Scheduling Order that "**failure to comply with court orders**" might result in "**dismissal for failure to prosecute** . . . ." Scheduling Order at 1 (emphasis in original). The Court again warned Plaintiff in the First Order To Show Cause why the case should not be dismissed for failure to prosecute that "**failure to comply with court orders and to prosecute this case will result in sanctions, including dismissal with prejudice for failure to prosecute**." First OTSC at 1 (emphasis in original). Finally, in the Second Order To Show Cause, the Court expressly warned: "**THIS IS PLAINTIFF'S FINAL WARNING. Failure to comply with this Second Order To Show Cause <u>will</u> result in dismissal**." Second OTSC at 2 (emphasis in original). These warnings "indisputably gave [Plaintiff] notice" that his case "would be dismissed for future transgressions." *Mitchell*, 708 F.3d at 468. Yet Plaintiff, nevertheless, declined to file a simple letter indicating that she wishes to prosecute her case.

Third, the Court concludes that Defendant is likely to be prejudiced by further delay. This lawsuit has been pending for more than a year, and Defendant's motion to dismiss the Complaint has been pending for more than six months [ECF Nos. 1, 18]. Because of Plaintiff's failures to comply with court orders, this case has been stalled at the pleading stage, and no discovery has been taken. If the Court were to deny Defendant's motion to dismiss at this point, Defendant could be prejudiced in its ability to mount a defense because the events at issue have begun to grow stale while Plaintiff has failed to prosecute her case. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*,

830 F. App'x 354, 358 (2d Cir. 2020) (noting that evidence becomes increasingly unlikely to be available as time passes).

The fourth factor—balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weighs in favor of dismissal. *See Baptiste*, 768 F.3d at 216. The Second Circuit has recognized that dismissal for failure to prosecute "is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). The Court has hundreds of cases and cannot continue to expend judicial resources attempting to prompt this particular plaintiff to pay attention to her case. The Court has already given Plaintiff "ample opportunity" to be heard, *Ruzsa*, 520 F.3d at 178, including an opportunity to amend her pleading, to oppose Defendant's motion to dismiss, and simply to file a letter stating that she still wishes to prosecute her case. Plaintiff has failed to take those opportunities.

Finally, the Court has carefully considered lesser sanctions. *See Baptiste*, 768 F.3d at 216. Because Plaintiff is *pro se*, the Court cannot simply impose monetary fines on counsel. Moreover, "in light of [Plaintiff's] failure to respond to the notice[s] threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case." *Ruzsa*, 520 F.3d at 178. The Court could sanction Plaintiff by deeming Defendant's motion unopposed. However, such a sanction might yield precisely the same result as this Order, namely, dismissal of Plaintiff's case. Alternatively, the Court might, yet again, refuse to dismiss a case that Plaintiff refuses to prosecute, further burdening the Court and Defendant. Given that Plaintiff has declined simply to file a letter in response to two Orders To Show Cause threatening dismissal, the Court finds that dismissal is the appropriate sanction. *See Ruzsa*, 520 F.3d at 178.

## III. CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that this case is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court respectfully is requested to terminate the motion pending at ECF No. 18 and to close this case.

**SO ORDERED.**

**Date: July 29, 2026**
**New York, NY**

Mary Kay Vyskocil
**MARY KAY VYSKOCIL**
**United States District Judge**